Sylvia L. Thomas - Bar No. 023845
**LAW OFFICE OF SYLVIA L. THOMAS, LLC**
P.O. Box 1584
Tempe, Arizona 85280-1584
480.273.9431 direct
sylvia.thomas@sltlaw.net
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| YOSHI BUDIYANTO and REBEKAH KAY LYNN HUGES, | CASE NO.: _____ |
| Plaintiffs. | |
| v. | VERIFIED COMPLAINT FOR |
| MY VINTAGE VENUE, LLC, an Arizona limited liability company; EMILY and JOHN DOE HUGHES, husband and wife; LAVENDER and OLD LACE, LLC, an Arizona limited liability company; KIMBERLY and JOHN DOE GILBERT, husband and wife; JEANNE COLQUETTE dba EVENTS YOUR WAY; JEANNE and JOHN DOE COLQUETTE, husband and wife; GALATAN CONSULTING, LLC an Arizona limited liability company dba DISTINCTIVE WEDDING VIDEOS; GLEN ROSS and JANE DOE GALATAN, husband and wife; RACHEL Z. WILLES dba DJ RACHEL Z. WILLES; RACHEL Z. AND JOHN DOE WILLES, husband and wife; EVENTS GROUP, LLC an Arizona limited liability company dba AROMA CULINARY CATERING; MICHELE PANZA and BRENDA VASQUEZ-PANZA, husband and wife; GOOF BOOTH PHOTO BOOTH, LLC, an Arizona limited liability company; JESSICA and DENNIS TROTTER, husband and wife; COUPLE OF BARTENDERS, LLC, an Arizona | 1) COPYRIGHT INFRINGEMENT<br>   - REPRODUCTION<br>   - DERIVATIVE WORK<br>   - DISTRIBUTION;<br>2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3) VICARIOUS COPYRIGHT INFRINGEMENT; AND<br>4) VIOLATION OF THE DIGITIGAL MILLENIUM COPYRIGHT ACT<br><br>JURY TRIAL DEMANDED |

1

limited liability company; KINSEY AND MITCHELL KENDRICK, husband and wife; PIXY CAKES, LLC, an Arizona limited liability Company; TINA and JOHN DOE CUBBON, husband and wife; AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation; MICHAEL SCHMIDT dba PARKER AND SCHMIDT CLOTHIERS; MICHAEL AND JAND DOE SCHMIDT, husband and wife; CLAUDIA'S CUSTOM JEWELRY dba CLAUDIA'S DESIGNS BY CLAUDIA; CLAUDIA REALI and JOHN DOE REALI, husband and wife; GAIL R. and JOHN DOE ARCHAMBEAU husband and wife, et al., A-Z INDIVIDUALS, fictitious individuals whose identities are not yet known; 1-26 ENTITIES, fictitious identities whose true identities are not yet known;

Defendants.

Plaintiffs Yoshi Budiyanto and Rebekah Kay Lynn Hughes, through undersigned counsel, file this Verified Complaint for damages, and allege as follows:

**NATURE OF THE ACTION**

1.     This is an action for injunctive relief and to recover damages arising from the Defendants' infringement of Plaintiffs' copyrights in their "special wedding photograph" within the Plaintiffs' photograph compilation titled, Yoshi and Rebekah Wedding and registered with the United States Copyright Office under Certificate of Registration Number VAu 1-261-695. Defendants electronically copied, altered, reproduced and, through their respective internet service providers, distributed and publicly displayed the Plaintiffs' special wedding photograph, without the Plaintiffs' authorization.

2

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction of Plaintiffs' claims arising under federal law pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, the Digital Millennium Copyright Act, 17 U.S.C. §§ 1203, *et seq.*, 28 U.S.C. § 1331 (federal question actions arising under the laws of the United States) and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights).

3.     This Court has personal jurisdiction over each of the Defendants, who are residents of, corporations formed within or solicit, transact and do systematic and continuous business in the state of Arizona and this judicial district. In addition, without consent or permission of the Plaintiffs, the Defendants intentionally and willfully copied, reproduced, removed the copyright management information from, distributed and displayed over the Internet a copyrighted work for which the Plaintiffs own the exclusive rights.

4.     Each Defendant contracted with an Internet Service Provider (ISP), found or conducting business in this judicial district, to provide access to the Internet through which the acts of copyright infringement complained of herein occurred both within and outside the state of Arizona and in this judicial district, where the Defendants have caused significant effect and injury to the Plaintiffs and their intellectual property.

5.     Venue is proper in this district where, pursuant to 28 U.S.C. § 1391(b) and (c), and 1400(a), Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the Plaintiffs' claims in this action occurred within this District.

## PARTIES

6.     Plaintiffs Yoshi Budiyanto and Rebekah Kay Lynn Hughes (the "Plaintiffs" or "Copyright Owners" or "Bride and Groom") are husband and wife residents of the state of Arizona, and the exclusive copyright owners of a photograph compilation registered with the United States Copyright Office (USCO).

7.     Defendant Emily Hughes is a resident of the state of Arizona, and managing member of Defendant My Vintage Venue, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Gilbert, Arizona. Upon information and belief, Emily and John Doe Hughes are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Emily Hughes was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "My Vintage Venue".

8.     Defendant Kimberly Gilbert is a resident of the state of Arizona, and managing member of Defendant Lavender and Old Lace, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Mesa, Arizona. Upon information and belief, Kimberly and John Doe Gilbert are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Kimberly Gilbert was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Lavender and Old Lace".

9.     Defendant Jeanne Colquette is a resident of the state of Arizona, doing business as Events Your Way, a commercial trade name registered with the Office of the Arizona Secretary of State. Upon information and belief, Jeanne Colquette and John Doe

4

Colquette are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Jeanne Colquette was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Events Your Way".

10.    Defendant Glen Ross Galatan is a resident of the state of Arizona, and sole member of Defendant Galatan Consulting, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Gilbert, Arizona doing business as Distinctive Wedding Videos, a commercial trade name registered with the Office of the Arizona Secretary of State. Upon information and belief, Glenn and Jane Doe Galatan are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Glen Ross Galatan was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Galatan Consulting".

11.    Defendant Rachel Z. Willes is a resident of the state of Arizona, doing business as DJ Rachel Z. Willes, a commercial trade name registered with the Office of the Arizona Secretary of State. Upon information and belief, Rachel and John Doe Willes are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Rachel Z. Willes was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "DJ Rachel".

12.    Defendant Executive Chef Michele Panza is a resident of the state of Arizona, and managing member of Defendant Events Group, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Mesa,

Arizona doing business as Aroma Culinary Catering, a commercial trade name registered with the Office of the Arizona Secretary of State. Upon information and belief, Michele Panza and Brena Vasquez-Panza are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Michele Panza was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Aroma Culinary Catering".

13.     Defendants Jessica R. and Dennis E. Trotter are residents of the state of Arizona, and members of Goof Booth Photo Booth, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Florence, Arizona. Upon information and belief, Jessica R. and Dennis E. Trotter are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Jessica R. and Dennis E. Trotter was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Goof Booth Photo Booth".

14.     Defendant Kinsey Kendrick is a resident of the state of Arizona, and managing member of Defendant Couple of Bartenders, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Gilbert, Arizona. Upon information and belief, Kinsey and Mitchel Trotter are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Kinsey and Mitchel Kendrick was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Couple of Bartenders".

15.     Defendant Tina Cubbon is a resident of the state of Arizona, and managing member of Defendant Pixy Cakes, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Gilbert, Arizona. Upon information and belief, Tina and John Doe Cubbon are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Tina Cubbon was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Pixy Cakes".

16.     Defendant American Family Mutual Insurance Company (AMFAM) is a foreign corporation, incorporated under the laws of Wisconsin with its principal place of business in Madison Wisconsin. Defendant AMFAM conducts business in the State of Arizona and is the insurer of Defendants Tina Cubbon and Pixy Cakes, LLC.

17.     Defendant Michael Schmidt is a resident of the state of Arizona, and owner of Parker and Schmidt Clothiers based in Phoenix, Arizona. Upon information and belief, Michael and Jane Doe Schmidt are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Michael Schmidt was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Parker and Schmidt".

18.     Defendant Claudia Reali is a resident of the state of Arizona, and owner of Claudia's Custom Jewelry doing business as Claudias Designs by Claudias, within store locations in Phoenix and Scottsdale, Arizona. Upon information and belief, Claudia and John Doe Reali are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Claudia Reali was

7

committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Claudia's Custom Jewelry".

19.     Defendant Gail Archambeau is a resident of the state of Arizona. Upon information and belief, Gail and John Doe Archambeau are husband and wife Arizona residents who caused acts to occur in Arizona out of which Plaintiffs' claims arise. All conduct by Gail Archambeau was committed on behalf of and for the benefit of their marital community. Hereinafter, collectively "Gail Archambeau".

20.     Defendants A-Z INDIVIDUALS are fictitious party individuals whose identities are not yet known and may be substituted via amended complaint.

21.     Defendants 1-26 ENTITIES are fictitious party entities whose true identities are not yet known and may be substituted via amended complaint.

## FACTUAL BACKGROUND

22.     On December 1, 2015, the Bride and Groom entered into a Contract and Lease Agreement ("Agreement") with Lavender and Old Lace and My Vintage Venue (individually the "Leasor" collectively the "Leasors" or sometimes the "Leasor(s)") for the one-time sublease of the entire Lavender and Old Lace premises, facilities and gardens, including banquet halls, porches, patios and gazebos, etc. ("the Estate") for the exclusive use of their May 21, 2016 wedding reception event hereinafter ("wedding event").

23.     The Agreement does not include a photograph, video or film intellectual property waiver and release provision.

24.     On December 15 2015, the Leasor's industry affiliates included but were not limited to My Vintage Venue, Lavender and Old Lace and Victoria Lindsay Properties, LLC.

25.     During the May 21, 2016 wedding reception event, the Plaintiffs took a series of professional photographs throughout the Estate, including the "special wedding photograph" of Yoshi and Rebekah standing under the gazebo. The Plaintiffs' photograph series was compiled and titled, Yoshi and Rebekah Wedding.

26.     Each photograph within the Yoshi and Rebekah Wedding compilation contains electronically embedded copyright management information that provides the name of the Plaintiffs' photographer and the photography studio, as well as the date and time taken. The electronically embedded copyright management information is accessible within the properties detail of each photograph.

27.     On June 4, 2016, the Leasor(s) posted an advertisement for its Christmas in July Open House event scheduled for July 26, 2016 on the Lavender and Old Lace Facebook page at https://www.Facebook.com/Lavender-Old-Lace-165620066818123/. The Leasors organized the Christmas in July Open House as a commercial sales event for potential clients to contract for sublease of the Estate and to contract with the Leasors' event industry affiliates and/or preferred vendors for products and services.

28.     Via materials distributed on July 26, 2016 during the Christmas in July Open House event at the Estate, potential customers received information providing the following Lavender and Old Lace Wedding Package Pricing: The Bronze Package $4,200 – $5,000, The Silver Package $8,435 - $10,320, The Gold Package $11,735 -

$17,085 and The Platinum Package $14,200 - $21,485 (the "Wedding Package Price List"). Those Lavender and Old Lace Wedding Package Price List included products and services of the Leasors' industry affiliates and/or the Leasors' preferred vendors.

29.    On June 21, 2016, the Plaintiff Bride posted the special wedding photograph (containing the electronically embedded copyright management information) onto her Facebook page, and using the "Friends" privacy setting tagged the Plaintiff Groom by creating a link to his Facebook profile. The Plaintiff Groom received the Plaintiff Bride's tag notification, and using the "Friends" privacy setting updated the relationship status to "Married". The Plaintiffs did so for the restricted purpose of display and enjoyment with their family and friends.

30.    Neither of the Plaintiffs nor their photographer or the photography studio granted Lavender and Old Lace, My Vintage Venue, the Leasors' event industry affiliates or preferred vendors a use license, or otherwise provided third-party authorized use of the Plaintiffs' special wedding photograph.

31.    On July 12, 2016, Assistant Manager and Event Coordinator, Guadalupe ("Lupe") Vieyra, who oversees the day to day sales, marketing and social media accounts for the Estate, posted a photo of the gazebo onto the Lavender and Old Lace general Facebook page at https://www.Facebook.com/Lavender-Old-Lace-165620066818123/.

32.    The Wedding Package Price List was available at the Estate on July 12, 2016.

33.    On July 12, 2016, the Leasor preferred vendors included but were not limited to Events Your Way, Executive Chef Michele Panza, Galatan Consulting, DJ Rachel,

Distinctive Wedding Videos, Claudia's Custom Jewelry, Gail Archambeau, Aroma Culinary Catering, Goof Booth Photo Booth, Couple of Bartenders, Pixy Cakes, Parker and Schmidt Clothiers, Y-Knot Party Rentals, LLC, Community Florist, Ltd, Mara-Lee Lapp Stricker dba Alterations by Mara-Lee, Tasteful Event Serving, LLC, Suzy Goodrick Photography, Something Beautiful Hair and Makeup, LLC, Bubby Goober's Baked Goods and Posh Invitations.

34.    On July 13, 2016, the Leasor(s), without knowledge and permission of the Copyright Owners, obtained an unauthorized copy of the Plaintiffs' special wedding photograph. Lavender and Old Lace then,

a.    Posted the unauthorized copy of the special wedding photograph onto their Facebook events page at https://www.Facebook.com/events/1622940454_690380/, and onto their general Facebook page at https://www.Facebook.com/ Lavender-Old-Lace-165620066818123/, where the unauthorized copy of the Plaintiffs' special wedding photograph was added to their prior June 4, 2016 post advertising the Christmas in July Open House scheduled for July 26, 2016.

b.    Distributed the unauthorized copy of the Plaintiffs' special wedding photograph to Michele Panza, Galatan Consulting, DJ Rachel, and Distinctive Wedding Videos.

c.    Removed the copyright management information (CMI) from the unauthorized copy of the Plaintiffs special wedding photograph and used it create a commercial flyer.'

d.      Posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its website at http://www.lavenderoldlace.com/ open-house, where it invited potential customers to R.S.V.P. to attend the Christmas in July Open House, and take a guided tour with an on-site coordinator available to answer any questions, to explain the venue policies, price sheet and packages, to check available dates and to place a hold on an event date.

e.      Posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook page at https://www.Facebook.com/Lavender-Old-Lace-165620066818123/, and added the message "With Lupe Vierya".

f.      Distributed the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph to Jeanne Colquette dba Events Your Way.

35.    On July 13, 2016:

a.      Executive Chef Michele Panza share posted the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook at https://www.facebook.com/ michelepanza.94 and added the message, "Aroma Culinary Catering will be part of this wonderful open house…"

b.      Events Your Way share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.Facebook.com/eventsyourway1 and added the message, "Such a fun open house coming up! We can't wait!"

c.      Events Your Way posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto her Instagram page at https://www.instagram.com/p/BIStqu0hng6/ and added the message, "eventsyourwayaz RSVP today! You don't want to miss out on meeting these fabulous vendors. #weddingplanning #weddingvenue #azwedding #openhouse."

36.   Beginning July 16, 2016, Lavender and Old Lace distributed the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph to Executive Chef Michele Panza, Claudia's Custom Jewelry and Gail Archambeau.

37.   On July 16, 2016:

a.      Michele Panza share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook.com/michele.panza.94 and identified and identified Lavender and Old Lace as the originating source.

b.      Claudia's Custom Jewelry share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook.com/designsbyclaudias and identified Lavender and Old Lace with Lupe Vieyra as the originating source.

38.   On July 22, 2016, Galatan Consulting, LLC share posted a copy of the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.Facebook.com/g'len.galatan?fref=ts. Galatan neither cropped, added creative recast to nor removed the CMI from the unauthorized copy of the Plaintiffs' special wedding photograph. Galatan Consulting added the message, "We'll be a vendor

at this upcoming open house at the wonderful Old Lace…!" Galatan identified Lavender and Old Lace as the originating source.

39.     On July 23, 2016, DJ Rachel share posted the unauthorized copy of the special wedding photograph onto her Facebook page at https://www.Facebook.com/ DJRachelZ/timeline. DJ Rachel neither added creative recast to nor removed the CMI from the unauthorized copy of the Plaintiffs' special wedding photograph. DJ Rachel added the message, "I'll be out at this beautiful venue Tuesday night from 5:30-8:30. Please come by and check out what the power team of Lavender and Old Lace and DJ Rachel can do to make your [wedding] day AMAZING!!!" DJ Rachel identified Lavender and Old Lace as the originating source.

40.     On July 24, 2016:

a.     Gail Archambeau share posted a copy of the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook.com/gail.archambeau and identified Lavender and Old Lace as the originating source.

b.     Distinctive Wedding Videos share posted the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook page at https://www.Facebook.com/ distinctiveweddingvideos. DJ Rachel neither cropped, added creative recast to nor removed the CMI from the unauthorized copy of the special wedding photograph. Distinctive Wedding Videos added the message, "[We] will be a Preferred Vendor at this upcoming Open House!" Distinctive Wedding Videos identified Lavender and Old Lace as the originating source.

41.    On July 25, 2016:

a.    Events Your Way distributed the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph to Aroma Culinary Catering, Goof Booth Photo Booth, Couple of Bartenders, Pixy Cakes, Parker and Schmidt Clothiers, and to Y-Knot Party Rentals, LLC, Community Florist, Ltd and Mara-Lee Lapp Stricker dba Alterations by Mara-Lee.

b.    Aroma Culinary Catering share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook page at   https://www.Facebook.com/AromaCateringbyEventGroup/   and identified Events Your Way as the originating source.

c.    Goof Booth Photo Booth share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook page at   https://www.Facebook.com/Goof-Booth-Photo-Booth-LLC-518135968273607/   and added the message, "Please join us tomorrow at L&OL…take a tour and meet all the great vendors." Goof Booth Photo Booth identified Events Your Way as the originating source.

d.    Couple of Bartenders share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook page at   https://www.Facebook.com/LiquidCaterers   and added the message, "Come see us tomorrow at Lavender and Old Lace. We have a fantastic bunch of vendors lined up! #weddingplanning #weddingvenue #azwedding #openhouse (#@eventsyourwayaz)." Couple of Bartenders identified Events Your Way as the originating source.

15

e.      Pixy Cakes share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook page at https://www.Facebook.com/pixycakes and added the message, "Come join us tomorrow at Lavender and Old Lace for Christmas in July Open House. It's from 5:30 pm to 8:30 pm." Pixy Cakes identified Events Your Way as the originating source.

f.      Parker and Schmidt Clothiers, share posted a copy of the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto its Facebook   page   at   https://www.Facebook.com/ParkerAndSchmidtClothiers/?hc_location=ufi/ and added the message, "See you!" Parker and Schmidt identified Events Your Way as the originating source.

42.    Upon information and belief, Y-Knot Party Rentals, a limited liability company incorporated under the laws of Arizona, with its principal place of business in Mesa, Arizona, on July 25, 2016 share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www. facebook.com/pages/Y-Knot-Party-Rentals/229866870456034 identifying Events Your Way as the originating source, and thereby caused acts to occur in Arizona out of which the Bride and Groom's claims arise.

43.    Upon information and belief, Community Florist, a limited company incorporated under the laws of Arizona, with its principal place of business in Phoenix, Arizona on July 25, 2016 share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www. facebook.com/Community.Florist identifying Events Your Way as the originating

source, and thereby caused acts to occur in Arizona out of which the Bride and Grooms' claims arise.

44.    Upon information and belief, Mara-Lee Lapp Stricker a resident of the state of Arizona and owner of Alterations by Mara-Lee doing business in Gold Canyon, Arizona on July 25, 2016 share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook. com/public/Mara-Lee-Lapp-Stricker and added the message, "Alterations by Mara-Lee will be there! Thanks for the call, Jeanie!" Mara-Lee Lapp also identified Events Your Way as the originating source of the commercial flyer, and thereby caused acts to occur in Arizona out of which the Bride and Groom's claims arise.

45.    Upon information and belief, Jennifer B. Tom and Corrie S. Sharp, residents of the state of Arizona dba Bubby Goober's Baked Goods a commercial trade name registered with the Office of the Arizona Secretary of State on July 25, 2016 share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook.com/bubbygoobersbakedgoods/ and added the message, "We can't wait!" Upon information and belief, Bubby Goobers identified Events Your Way as the originating source of the commercial flyer, and thereby caused acts to occur in Arizona out of which the Bride and Groom's claims arise.

46.    Upon information and belief, Tasteful Event Serving, a limited company incorporated under the laws of Arizona, with its principal place of business in Mesa,

Arizona share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook.com/ tastefuleventserving/, wherein the originating source is identified and thereby caused acts to occur in Arizona out of which the Bride and Grooms' claims arise.

47.    Upon information and belief, Suzy Goodrick Photography doing business within store locations in Phoenix share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at https://www.facebook.com/suzygoodrickphotography/, wherein the originating source is identified and thereby caused acts to occur in Arizona out of which the Bride and Grooms' claims arise.

48.    Upon information and belief, Something Beautiful Hair and Makeup, a limited company incorporated under the laws of Arizona, with its principal place of business in Scottsdale, Arizona share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page(s) at https://www.facebook.com/somethingbeautifulstyles/ and https://www.facebook.com/Something-Beautiful-Hair-and-Make-up-466751570127361/, wherein the originating source is identified, and thereby caused acts to occur in Arizona out of which the Bride and Grooms' claims arise.

49.    Upon information and belief, Posh Invitations doing business within store locations in Phoenix share posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their Facebook page at

https://www.facebook.com/Posh-Invitations-775781435789797/, wherein the originating source is identified, and thereby caused acts to occur in Arizona out of which Plaintiffs' claims arise.

50.     The Copyright Owners issued a 17 U.S.C. § 512(c), DMCA Take Down Notice to Internet Service Provider(s) Facebook, Inc., VistaPrint Technologies, Ltd and Instagram, LLC.

51.     After receipt of the Copyright Owners' DMCA Take Down Notice, Facebook issued Intellectual Property Report No. 1256958824348908, identified URL posts of the Plaintiffs' special wedding photograph and the commercial flyer featuring the Plaintiffs' special wedding photograph as material identified in the DMCA Take Down Notice issued by the Copyright Owners. Facebook suspended and disabled access to those URLs and/or removed the material from its server for violation of the Facebook Statement of Rights and Responsibilities. In response:

     a.    The Leasor(s) appealed.

     b.    My Vintage Venue appealed.

     c.    Lavender and Old Lace appealed.

     d.    Events Your Way appealed.

     e.    Executive Chef Michele Panza appealed.

     f.    Galatan Consulting appealed.

     g.    DJ Rachel appealed.

     h.    Distinctive Wedding Videos appealed.

     i.    Claudia's Custom Jewelry appealed.

    j.       Gail Archambeau appealed.

    k.      Aroma Culinary Catering appealed.

    l.       Goof Booth Photo Booth appealed.

    m.    Couple of Bartenders appealed.

    n.      Pixy Cakes appealed.

    o.      Parker and Schmidt Clothiers appealed.

    p.      Upon information and belief Y-Knot Party Rentals, LLC, Community Florist, Ltd, Mara-Lee Lapp Stricker dba Alterations by Mara-Lee, Tasteful Event Serving, LLC, Suzy Goodrick Photography, Something Beautiful Hair and Makeup, LLC, Bubby Goober's Baked Goods and/or Posh Invitations appealed.

52.    After receipt of the Copyright Owners' DMCA Take Down Notice, VistaPrint issued Request No. 121547, identified URL posts of the Plaintiffs' special wedding photograph and the commercial flyer featuring the Plaintiffs' special wedding photograph as material identified in the Take Down Notice issued by the Copyright Owners. VistaPrint suspended and disabled access to those URLs and/or removed the material from its server for violation of the VistaPrint Social Media Marketing Agreement Terms of Use and Conditions. In response:

    a.      The Leasor(s) appealed.

    b.      My Vintage Venue appealed.

    c.      Lavender and Old Lace appealed.

53.    After receipt of the Copyright Owners' DMCA Take Down Notice, Instagram issued Intellectual Property Notification Complaint No. 172955186466433, identified

URL posts of the Plaintiffs' special wedding photograph and the commercial flyer featuring the Plaintiffs' special wedding photograph as material identified in the DMCA Take Down Notice issued by the Copyright Owners. Instagram suspended and disabled access to those URLs and/or removed the material from its server for violation of the Instagram Terms of Use. In response:

       a.      Lavender and Old Lace appealed.

       b.      Events Your Way appealed.

54.    The Defendants do not have any license, authorization, permission or consent to use the Plaintiff's special wedding photograph.

**COUNT ONE**
(Copyright Infringement, 17 U.S.C. §§ 101, *et seq.*)
**REPRODUCTION 17 U.S.C. § 106(1)**
(All Defendants)

55.    The Plaintiff incorporates by reference all allegations contained in the preceding paragraphs, as if fully set forth herein.

56.    The Plaintiffs' hold the exclusive rights under the Copyright Act to reproduce the special wedding photograph.

57.    The Leasor(s) unlawfully obtained a copy of the Plaintiffs' special wedding photograph.

58.    The Leasor(s) unlawfully posted the unauthorized copy of the special wedding photograph onto their website and/or Facebook page.

59.    Lavender and Old Lace unlawfully obtained a copy of the Plaintiffs' special wedding photograph.

60.    Lavender and Old Lace unlawfully posted the unauthorized copy of the special wedding photograph onto their Facebook page, Facebook events page and website.

61.    Lavender and Old Lace unlawfully distributed the unauthorized copy of the special wedding photograph to Defendants Galatan Consulting, Distinctive Wedding Videos, DJ Rachel and Executive Chef Michele Panza.

62.    Galatan Consulting unlawfully posted the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Galatan Consulting's wedding photography and videography services.

63.    Galatan Consulting optionally added a message to their post. The message misleads readers to believe Galatan photographed and/or videoed the Plaintiffs' wedding event and the special wedding photograph is a product of their services.

64.    Distinctive Wedding Videos unlawfully posted the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Distinctive Wedding Videos' photography and videography services.

65.    Distinctive Wedding Videos optionally added a message to their post. The message misleads readers to believe Distinctive Wedding Videos photographed and/or videoed the Plaintiffs' wedding event and the special wedding photograph is a product of their services.

66.    DJ Rachel unlawfully posted the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the

Leasors' Christmas in July Open House where they could contract for DJ Rachel's disc jockey services.

67.     DJ Rachel optionally added a message to their post. The message misleads readers to believe that DJ Rachel performed as the disc jockey at the Plaintiffs' wedding event.

68.     Executive Chef Michele Panza unlawfully posted the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Chef Panza's catering services.

69.     Chef Panza optionally added a message to their post. The message misleads readers to believe that Chef Panza catered the Plaintiffs' wedding event.

70.     The Leasor(s) unlawfully used the unauthorized copy of the special wedding photograph to create a commercial flyer that advertises, markets and promotes the Christmas in July Open House. During the creation of the commercial flyer, the Leasor(s) removed the CMI from the unauthorized copy of the special wedding photograph.

71.     Lavender and Old Lace unlawfully used the unauthorized copy of the special wedding photograph to create a commercial flyer that advertises, markets and promotes the Christmas in July Open House. During the creation of the commercial flyer, Lavender and Old Lace removed the CMI from the unauthorized copy of the special wedding photograph.

72.    The Leasor(s) unlawfully posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their website open house page knowing that the CMI had been removed.

73.    Lavender and Old Lace unlawfully posted the commercial flyer featuring the unauthorized copy of the Plaintiffs' special wedding photograph onto their website open house page knowing that the CMI had been removed.

74.    Lavender and Old Lace unlawfully distributed the commercial flyer featuring the unauthorized copy of the special wedding photograph to Defendants Executive Chef Michele Panza, Claudia's Custom Jewelry, Gail Archambeau and Events Your Way.

75.    Chef Michele Panza, Claudia's Custom Jewelry, Gail Archambeau and Events Your Way relied on the creator and/or originating source of the commercial flyer to clear the photographic rights to reproduce, derivate and distribute the Plaintiffs' special wedding photograph featured therein.

76.    Executive Chef Michele Panza unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto his Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Chef Panza catering services.

77.    Claudia's Custom Jewelry unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could purchase or contract to lease custom jewelry.

78.    Gail Archambeau unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could meet Gail Archambeau.

79.    Events Your Way unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Instagram and Facebook pages. The posts were to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Events Your Way's event planning and coordination services.

80.    Events Your Way optionally added a message to their posts. The message misleads readers to believe Event's Your Way planned and coordinated the Plaintiffs' wedding event.

81.    Events Your Way unlawfully distributed the commercial flyer featuring the unauthorized copy of the special wedding photograph to Defendants Aroma Culinary Catering, Goof Booth Photo Booth, Couple of Bartenders, Pixy Cakes and Parker and Schmidt Clothiers.

82.    Aroma Culinary Catering, Goof Booth Photo Booth, Couple of Bartenders, Pixy Cakes, Parker and Schmidt Clothiers, Y-Knot Party Rentals, Community Florist and Mara-Lee Lapp Stricker dba Alterations by Mara-Lee relied on the creator and/or originating source of the commercial flyer to clear the photographic rights to reproduce, derivate and distribute the Plaintiffs' special wedding photograph featured therein.

83. Aroma Culinary Catering unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Aroma Culinary Catering services.

84. Goof Booth Photo Booth unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Goof Booth's photography services.

85. Goof Booth Photo Booth optionally added a message to their post. The message misleads readers to believe Goof Booth Photo Booth provided photography services at the Plaintiffs' wedding event.

86. Couple of Bartenders unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Couple of Bartenders' liquid catering services.

87. Couple of Bartenders optionally added a message to their post. The message misleads readers to believe Couple of Bartenders supplied the alcohol for the Plaintiffs' wedding event.

88. Defendants Pixy Cakes unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for Pixy Cakes specialty desserts catering services.

89.   Pixy Cakes optionally included a message with their post. The message misleads readers to believe Pixy Cakes catered the Plaintiffs' wedding event.

90.   Parker and Schmidt Clothiers unlawfully posted the commercial flyer featuring the unauthorized copy of the special wedding photograph onto their Facebook page. The post was to attract potential clients to the Leasors' Christmas in July Open House where they could contract for the purchase of men's formal wear.

91.   Parker and Schmidt Clothiers optionally added a message to their post. The message misleads readers to believe the Plaintiff Groom and the Plaintiffs' wedding party groomsmen were adorned in Parker and Schmidt formal wear.

92.   The Plaintiffs' did not authorize the Defendants to use, copy, reproduce, derivate, distribute or display the special wedding photograph.

93.   Defendants infringed the copyrights in Plaintiffs' special wedding photograph by copying, reproducing and displaying the special wedding photograph through their respective ISP(s) without the Plaintiffs' approval or authorization.

94.   Defendants knew the infringed special wedding photograph belonged to the Bride and Groom and that they did not have the Plaintiffs' permission to copy, reproduce and display special wedding photograph.

95.   Defendants' actions constitute copyright infringement of the Plaintiffs' exclusive rights of reproduction of the special wedding photograph that are protected under the Copyright Act.

96.   Defendants violations of 17 U.S.C. § 106(1) were committed willfully and intentionally within the meaning of 117 U.S.C. § 504(c)(2), and for the purpose of

commercial advantage and financial gain, and in disregard of and with indifference to the Plaintiffs' rights.

97.    Defendants' knew or had constructive knowledge that their actions constituted copyright infringement of the Plaintiffs' special wedding photograph.

98.    The Plaintiffs have been damaged by the Defendants' conduct, including but not limited to economic and "special value" losses. The Plaintiffs continue to be damaged by Defendants' conduct, and have no adequate remedy at law to compensate them.

99.    As a direct and proximate cause of the Defendants' infringement, the Plaintiffs are entitled to damages in an amount to be proven at trial.

100.    The Plaintiffs are entitled to actual damages plus Defendants' profits attributable to the infringement (pursuant to 17 U.S.C. § 504(b)), including an accounting of and a constructive trust with respect to such profits, or alternatively statutory damages (pursuant to 17 U.S.C. § 504(c)(1) and (2)), punitive damages, attorneys' fees and full costs of the law suit (pursuant to 17 U.S.C. § 505) and otherwise according to law.

**COUNT TWO**
(Copyright Infringement, 17 U.S.C. §§ 101, *et seq.*)
**DERIVATIVE WORKS 17 U.S.C. § 106(2)**
(Defendants - Lavender and Old Lace – Kimberly and John Doe Gilbert
– My Vintage Venue – Emily and John Doe Hughes
– Galatan Consulting – Glenn and Jane Doe Galatan
– Distinctive Wedding Videos– DJ Rachel – Rachel and John Doe Willes)

101.    The Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs, as if fully set forth herein.

102.    The Plaintiffs hold the exclusive rights under the Copyright Act to create derivative works of the special wedding photograph.

28

103.   Galatan Consulting, DJ Rachel and Distinctive Wedding Videos each posted onto their Facebook pages an exact copy of the infringed special wedding photograph with the CMI electronically embedded. Neither added creative recast to nor removed the CMI from the unauthorized copy of the special wedding photograph.

104.   The Leasor(s) affixed a full copy of the infringed special wedding photograph in the center of the commercial flyer (where it accounts for 50% of the size of the Christmas in July Open House advertisement), posted and displayed the derivative commercial flyer onto their Facebook pages and website open house page, and distributed it to their event industry affiliates and/or preferred vendors.

105.   Lavender and Old Lace affixed a full copy of the infringed special wedding photograph in the center of the commercial flyer (where it accounts for 50% of the size of the Christmas in July Open House advertisement), posted and displayed the derivative commercial flyer onto their Facebook pages and website open house page, and distributed it to their event industry affiliates and/or preferred vendors.

106.   The commercial flyer is based on the Plaintiffs' special wedding photograph (and with the exception of the CMI), the Leasor(s) neither removed the essential content and context of the Copyright Owner's special wedding photograph (i.e., the Plaintiffs' standing under the gazebo) nor added transforming creative recast features.

107.   The commercial flyer featuring the infringed special wedding photograph is a non-transformed derivative based on the Plaintiffs' copyrighted special wedding photograph.

108.   The Leasor(s) created a non-transformed derivative of the special wedding photograph without an intellectual property waiver and release signed by the Bride and Groom.

109.   The Plaintiffs' did not authorize the Defendants to use, copy, reproduce, derivate, distribute or display the special wedding photograph.

110.   Defendants did not seek out or obtain any permission, consent, or license from the Plaintiffs for the use, copying, reproduction, derivation, distribution or displaying of the special wedding photograph.

111.   The Leasor(s) use of a substantial portion of the Plaintiffs' special wedding photograph to promote the Christmas in July and Open House on their website and Facebook page(s) does not constitute Fair Use within the meaning of 17 U.S.C. § 107.

112.   Lavender and Old Lace's use of a substantial portion of the Plaintiffs' special wedding photograph to promote the Christmas in July and Open House on their website and Facebook page(s) does not constitute Fair Use within the meaning of 17 U.S.C. § 107.

113.   Defendants' actions constitute copyright infringement of the Plaintiffs' exclusive rights to prepare derivative works based on the special wedding photograph that are protected under the Copyright Act.

114.   Defendants' violations of 17 U.S.C. § 106(2) were committed willfully and intentionally within the meaning of 117 U.S.C. § 504(c)(2), and for the purpose of commercial advantage and financial gain, and in disregard of and with indifference to the Plaintiffs' rights.

115.   Defendants' knew or had constructive knowledge that their actions constituted copyright infringement of the Plaintiffs' special wedding photograph.

116.   The Plaintiffs have been damaged by the Defendants' conduct, including but not limited to economic and "special value" losses. The Plaintiffs continue to be damaged by Defendants' conduct, and have no adequate remedy at law to compensate them.

117.   As a direct and proximate cause of the Defendants' infringement, the Bride and Groom are entitled to damages in an amount to be proven at trial.

118.   The Plaintiffs' are entitled to actual damages plus Defendants' profits attributable to the infringement (pursuant to 17 U.S.C. § 504(b)), including an accounting of and a constructive trust with respect to such profits, or alternatively statutory damages (pursuant to 17 U.S.C. § 504(c)(1) and (2)), punitive damages, attorneys' fees and full costs of the law suit (pursuant to 17 U.S.C. § 505) and otherwise according to law.

**COUNT THREE**
(Copyright Infringement, 17 U.S.C. §§ 101, *et seq.*)
**DISTRIBUTION 17 U.S.C. § 106(3)**
(All Defendants)

119.   The Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs, as if fully set forth herein.

120.   The Plaintiffs' hold the exclusive rights under the Copyright Act to distribute the special wedding photograph.

121.   The Leasor(s) used individuals, entities, and/or unique designated team(s) that comprise its event industry affiliates, its preferred vendors and their numerous peers (the "Group") as the means for repetitive and widespread distribution of the unauthorized

copy of the Plaintiffs' special wedding photograph and the commercial flyer featuring the Plaintiffs' special wedding photograph to occur over the worldwide internet.

122.    Through their website open house R.S.V.P. invitation page, Lavender and Old Lace used the VistaPrint server(s) to function as a conduit for the reproduction, derivation or the post, share, tag and/or display distribution of the material identified in the Copyright Owners' DMCA Take Down Notice.

123.    On September 1, 2016, VistaPrint suspended, disabled access to and/or removed from its server(s) the URLs and/or the material identified in the Copyright Owners' DMCA Take Down Notice.

124.    Through the Facebook reproduction, derivation or the post, share, tag and/or display distribution protocols, the Leasor(s) used the Facebook server(s) to function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

125.    Through the Facebook reproduction, derivation or the post, share, tag and/or display distribution protocols, Lavender and old Lace used the Facebook server(s) to function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

126.    Through the Facebook reproduction, derivation or the post, share, tag and/or display distribution protocols, Events Your Way used the Facebook server(s) to function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

127.   Through the Facebook reproduction, derivation or the post, share, tag and/or display distribution protocols, Galatan Consulting, Distinctive Wedding Video, DJ Rachel, Chef Michele Panza, Claudia's Custom Jewelry, Aroma Culinary Catering, Goof Booth Photo, Couple of Bartenders, Pixy Cakes, Parker and Schmidt used the Facebook server(s) to function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

128.   Upon information and belief, through the Facebook reproduction, derivation or the post, share, tag and/or display distribution protocols, Y-Knot Party Rentals, Community Florist, Mara-Lee Lapp Stricker dba Alterations by Mara-Lee, Tasteful Event Serving, Suzy Goodrick Photography, Something Beautiful Hair and Makeup, Bubby Goober's Baked Goods and Posh Invitations (the "nonparties") used the Facebook server(s) to function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

129.   On September 7, 2016, Facebook suspended, disabled access to and/or removed from its server(s) the URLs and/or the material identified in the Copyright Owners' DMCA Take Down Notice.

130.   Through the Instagram reproduction, derivation or the post, share, tag and/or display distribution protocols, Events Your Way used the Instagram server(s) to function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

131.   Through the Instagram reproduction, derivation or the post, share, tag and/or display distribution protocols, Lavender and Old Lace used the Instagram server(s) to

function as a distribution conduit for the material identified in the Copyright Owners' DMCA Take Down Notice.

132.   On August 24, 2016, Instagram suspended, disabled access to and/or removed from its server(s) the URLs and/or the material identified in the Copyright Owners' DMCA Take Down Notice.

133.   The Plaintiffs did not authorize the Defendants to use, copy, reproduce, derivate, distribute or display the special wedding photograph.

134.   Defendants did not seek out or obtain any permission, consent, or license from the Plaintiffs for the use, copying, reproduction, derivation, distribution or displaying of the special wedding photograph.

135.   The Plaintiffs did not authorize the nonparties to use, copy, reproduce, derivate, distribute or display the special wedding photograph.

136.   The nonparties did not seek out or obtain any permission, consent, or license from the Plaintiffs or the use, copying, reproduction, derivation, distribution or displaying of the special wedding photograph.

137.   Defendants' actions constitute copyright infringement of the Plaintiffs' exclusive rights to distribution of the special wedding photograph that are protected under the Copyright Act.

138.   Defendants' violations of 17 U.S.C. § 106(3) were committed willfully and intentionally within the meaning of 117 U.S.C. § 504(c)(2), and for the purpose of commercial advantage and financial gain, and in disregard of and with indifference to the Plaintiffs' rights.

139.   Defendants' knew or had constructive knowledge that their actions constituted copyright infringement of the Plaintiffs' special wedding photograph.

140.   The Plaintiffs have been damaged by the Defendants' conduct, including be not limited to economic and "special value" losses. The Plaintiffs continue to be damaged by Defendants' conduct, and have no adequate remedy at law to compensate them.

141.   As a direct and proximate cause of the Defendants infringement, the Plaintiffs are entitled to damages in an amount to be proven at trial.

142.   The Plaintiffs are entitled to actual damages plus Defendants' profits attributable to the infringement (pursuant to 17 U.S.C. § 504(b)), including an accounting of and a constructive trust with respect to such profits, or alternatively statutory damages (pursuant to 17 U.S.C. § 504(c)(1) and (2)), punitive damages, attorneys' fees and full costs of the law suit (pursuant to 17 U.S.C. § 505) and otherwise according to law.

**COUNT FOUR**
(Contributory Copyright Infringement
and related claims pursuant to 17 U.S.C. §§ 101, *et seq.*)
(Defendants – My Vintage Venue – Emily and John Doe Hughes
- Lavender and Old Lace – Kimberly and John Doe Gilbert
- Events Your Way – Jeanne and John Doe Colquette)

143.   The Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs, as if fully set forth herein.

144.   The Plaintiffs hold the exclusive rights under the Copyright Act to reproduce, derivate and distribute the special wedding photograph.

145.   The infringement by the Leasor(s) and Events Your Way was direct.

146.   The commercial flyer serves as the focal point of the Leasors' wedding event industry market strategy to attract customers and vendors to their monthly Christmas Open House events (in this instance under the Christmas in July 26, 2016 subtheme) for the financial benefit of the Group.

147.   On the Lavender and Old Lace website open house page to the left of the commercial flyer, the Leasors invite potential customers to:

a.   R.S.V.P. to participate in the Christmas in July Open House by providing their name, number of guests, email address and a message.

b.   Schedule and attend a private tour of the Estate with one of its staff members.

c.   Direct their questions to on-site coordinators available to provide answers, explain venue policies, price sheet and packages, check available dates for lease of the Estate and place a hold on their event date.

148.   The Copyrighted special wedding photograph is directly infringed each time a member of the Group, without the Plaintiffs' authorization, reproduces, derivates, posts, shares, tags or display distributes the infringed special wedding photograph or the commercial flyer featuring the infringed special wedding photograph.

149.   The Leasor(s) promoted, induced, enabled, facilitated, and/or otherwise materially contributed to the infringing acts of others by stimulating, simplifying, encouraging, allowing, assisting and/or aiding others to reproduce, derivate or post, share, tag and/or display distribute the Plaintiffs' special wedding photograph knowing that the CMI had been removed.

150.   Events Your Way induced, enabled, facilitated, and/or otherwise materially contributed to the infringing acts of others by simplifying, encouraging, allowing, assisting and/or aiding others to reproduce, derivate or post, share, tag and/or display distribute the Plaintiffs' special wedding photograph knowing that the CMI had been removed.

151.   Each Defendant is an ISP subscriber identifiable within one of the subcategories that comprise the Group. The Defendants and the Group all possess the same infringed copyrighted original work and/or non-transformed derivative thereof, respectively containing the same exact electronic properties digital signature (or in the case of the commercial flyer) or equally absent the same exact electronic properties digital signature.

152.   The distribution process began with one subscriber accessing the ISP server and intentionally obtaining a digital copy of the work available on the Internet to a restricted audience. The infringing subscriber then posted the work onto their subscriber page and through the ISP distribution protocols made the infringed work available to its select peer audience(s) who in turn shared post the infringed work with their select peer audience(s) who repeated the process.

153.   As part of the same transactions or occurrences each infringer and the Group all possess not just the same infringed copyrighted original work and/or non-transformed derivative thereof, but the same exact file(s) respectively containing the same exact electronic properties digital signature and identifiers unique to that specific copyrighted original work and/or non-transformed derivative thereof. This can happen when

Defendant subscribers' use or engage in socially linked use of their respective ISP electronic protocols to reproduce, derivate and distribute infringed copyrighted original works or non-transformed derivatives thereof between and among the Group and between and among their peers of hundreds of thousands of ISP subscribers.

154.    In essence, the Group is the means for facilitation of repetitive and widespread infringement to occur and the respective and/or socially linked ISP functions as a distribution conduit for the same infringed copyrighted original work and/or non-transformed derivative thereof containing or equally absent the same exact electronic properties digital signature and identifiers unique to that specific copyrighted original work and/or non-transformed derivative thereof.

155.    Defendants reproduced, derivated and/or distributed the Plaintiffs' infringed special wedding photograph and/or the non-transformed derivative commercial flyer featuring the infringed special wedding photograph on their respective websites, Facebook pages and/or Instagram pages through use of their respective ISP's electronic protocols.

156.    Defendants' actions constitute contributory copyright infringement of the Plaintiffs' special wedding photograph that is protected under the Copyright Act.

157.    The Leasor(s) knew or had reason to know of the contributory infringement occurring between among the Group, and that their actions resulted in numerous individuals and entities reproducing, derivating and/or distributing the Plaintiffs' special wedding photograph.

158.   Lavender and Old Lace knew or had reason to know of the contributory infringement occurring between among the Group, and that their actions resulted in numerous individuals and entities reproducing, derivating and/or distributing the Plaintiffs' special wedding photograph.

159.   Events Your Way knew or had reason to know of the contributory infringement occurring between and among the Group, and that their actions resulted in numerous individuals and entities reproducing, derivating and/or distributing the Plaintiffs' special wedding photograph.

160.   Defendants had the right and ability to supervise, monitor and control the Group's ability to share, post and tag and distribute the Plaintiffs' infringed special wedding photograph and the commercial flyer featuring the infringed special wedding photograph.

161.   Defendants had actual knowledge of specific instances of the Group infringement and failed to act on that knowledge.

162.   The infringement by the Group would not have occurred without the Leasor(s) participation in the infringement of the Plaintiffs' copyrighted special wedding photograph.

163.   The infringement by the Group would not have occurred without the Lavender and Old Lace's participation in the infringement of the Plaintiffs' copyrighted special wedding photograph.

164.   The infringement by the Group would not have occurred without Events Your Way's participation in the infringement of the Plaintiffs' copyrighted special wedding photograph.

165.   By reproduction, derivation or the post, share, tag and/or display distribution of the infringed special wedding photograph and/or the commercial flyer featuring the infringed special wedding photograph, the Leasor(s) materially contributed to the infringements of the infringed special wedding photograph by the Group.

166.   The Leasor(s) participation in the Group's infringement activities was material or substantial and contributed, for profit, to the infringing activity of the Group and their peers of hundreds of thousands of ISP subscribers over the worldwide Internet.

167.   By reproduction, derivation or the post, share, tag and/or display distribution of the infringed special wedding photograph and/or the commercial flyer featuring the infringed special wedding photograph, My Vintage Venue materially contributed to the infringements of the infringed special wedding photograph by the Group.

168.   My Vintage Venue's participation in the Group's infringement activities was material or substantial and contributed, for profit, to the infringing activity of the Group and their peers of hundreds of thousands of ISP subscribers over the worldwide Internet.

169.   By reproduction, derivation or the post, share, tag and/or display distribution of the infringed special wedding photograph and/or the commercial flyer featuring the infringed special wedding photograph, Lavender and Old Lace materially contributed to the infringements of the infringed special wedding photograph by the Group.

170.   Lavender and Old Lace's participation in the Group's infringement activities was material or substantial and contributed, for profit, to the infringing activity of the Group and their peers of hundreds of thousands of ISP subscribers over the worldwide Internet.

171.   By reproduction, derivation or the post, share, tag and/or display distribution of the commercial flyer featuring the infringed special wedding photograph, Events Your Way materially contributed to the infringements of the infringed special wedding photograph by the Group.

172.   Events Your Way's participation in the Group's infringement activities was material or substantial and contributed, for profit, to the infringing activity of the Group and their peers of hundreds of thousands of ISP subscribers over the worldwide Internet.

173.   The Leasor(s) received a direct financial benefit from the Group infringement and profited from their contributory infringement by providing the Group's access to the infringed special wedding photograph.

174.   Lavender and Old Lace received a direct financial benefit from the Group infringement and profited from their contributory infringement by providing the Group's access to the infringed special wedding photograph.

175.   My Vintage Venue received a direct financial benefit from the Group infringement and profited from their contributory infringement by providing the Group's access to the infringed special wedding photograph.

176.   Events Your Way received a direct financial benefit from the Group infringement and profited from their contributory infringement by providing the Group's access to the infringed special wedding photograph.

177.   Defendants' violations of 17 U.S.C. § 106 were committed willfully and intentionally, within the meaning of 17 U.S.C. 504(c)(2), for the purpose of commercial advantage and private financial gain, and in disregard of and with indifference to the Plaintiffs' rights.

178.   The Plaintiffs have been damaged by the Defendants' conduct, including be not limited to economic and "special value" losses. The Plaintiffs continue to be damaged by Defendants' conduct, and have no adequate remedy at law to compensate them.

179.   As a direct and proximate cause of the Leasor(s) contributory infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the Plaintiffs are entitled to actual damages plus My Vintage Venue's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

180.   As a direct and proximate cause of My Vintage Venue's contributory infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the Plaintiffs are entitled to actual damages plus My Vintage Venue's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

181.   As a direct and proximate cause of Lavender and Old Lace's contributory infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the Plaintiffs are entitled to actual damages plus My Vintage Venue's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

182.   As a direct and proximate cause of Events Your Way's contributory infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the

Plaintiffs are entitled to damages and My Vintage Venue's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

183.   Alternatively, the Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

184.   The Plaintiffs are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

185.   Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of the Plaintiffs' copyrighted special wedding photograph.

**COUNT FIVE**
(Vicarious Copyright Infringement and
related claims pursuant to 17 U.S.C. §§ 101, *et seq.*)
(Defendants – My Vintage Venue – Emily and John Doe Hughes
- Lavender and Old Lace – Kimberly and John Doe Gilbert
- Events Your Way – Jeanne and John Doe Colquette)

186.   The Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs, as if fully set forth herein.

187.   Numerous individuals and entities directly infringed the Plaintiffs' special wedding photograph.

188.   My Vintage Venue had, and continues to have, the right and ability to monitor and control the infringing acts of individuals, entities, its event industry affiliates and its preferred vendors, who directly infringed the Plaintiffs' special wedding photograph.

189.   As a direct and proximate result of such failure, My Vintage Venue event industry affiliates and preferred vendors have repeatedly infringed the Plaintiffs' special wedding photograph on a significant scale.

190.   Lavender and Old Lace had, and continues to have, the right and ability to monitor and control the infringing acts of individuals, entities, its event industry affiliates and preferred vendors, who directly infringed the Plaintiffs' special wedding photograph.

191.   As a direct and proximate result of such failure, Lavender and Old Lace event industry affiliates and preferred vendors have repeatedly infringed the Plaintiffs' special wedding photograph on a significant scale.

192.   Events Your Way had, and continues to have, the right and ability to monitor and control the infringing acts of individuals, entities, its event industry affiliates and preferred vendors, who directly infringed the Plaintiffs' special wedding photograph.

193.   As a direct and proximate result of such failure, Events Your Way's event industry affiliates and preferred vendors have repeatedly infringed the Plaintiffs' special wedding photograph on a significant scale.

194.   My Vintage Venue obtained a direct financial benefit from the infringing activities of the individuals and entities who directly infringed the Plaintiffs' special wedding photograph.

195.   Lavender and Old Lace obtained a direct financial benefit from the infringing activities of the individuals and entities who directly infringed the Plaintiffs' special wedding photograph.

196.   Events Your Way obtained a direct financial benefit from the infringing activities of the individuals and entities who directly infringed the Plaintiffs' special wedding photograph.

197.   The actions of the Defendants constitute vicarious copyright infringement.

198.   Defendants' violations of 17 U.S.C. § 106 were committed willfully and intentionally, within the meaning of 17 U.S.C. 504(c)(2), for the purpose of commercial advantage and private financial gain, and in disregard of and with indifference to the Plaintiffs' rights.

199.   As a direct and proximate cause of My Vintage Venue's vicarious infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the Plaintiffs are entitled to damages and My Vintage Venue's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

200.   As a direct and proximate cause of Lavender and Old Lace's vicarious infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the Plaintiffs are entitled to damages and Lavender and Old Lace's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

201.   As a direct and proximate cause of Events Your Way's vicarious infringements of the Plaintiffs' copyrights and exclusive rights under copyright, the Plaintiffs are entitled

to damages and Events Your Way's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

202.    Alternatively, the Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

203.    The Plaintiffs are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

204.    Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of the Plaintiffs' copyrighted special wedding photograph.

**COUNT SIX**
(Violations of the Digital Millennium
Copyright Act, 17 U.S.C. §§ 1201, *et seq.*)
(All Defendants)

205.    The Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs, as if fully set forth herein.

206.    The Plaintiffs hold the exclusive rights under the Copyright Act to reproduce, derivate and distribute the special wedding photograph.

207.    The Leasor(s) infringed the Plaintiffs' special wedding photograph.

208.    My Vintage Vintage Venue infringed the Plaintiffs' special wedding photograph.

209.   Lavender and Old Lace infringed the Plaintiffs' special wedding photograph.

210.   Lavender and Old Lace intentionally removed the electronically embedded CMI from the Plaintiffs' special wedding photograph, which it used to create the non-transformed derivative commercial flyer.

211.   The non-transformed derivative commercial flyer featuring the infringed special wedding photograph concealed Lavender and Old Lace's removal of the CMI that was electronically embedded into the special wedding photograph.

212.   Lavender and Old Lace distributed the non-transformed derivative commercial flyer featuring the infringed special wedding photograph within the Group knowing it would conceal its infringement of the Plaintiffs' special wedding photograph.

213.   Lavender and Old Lace distributed the non-transformed derivative commercial flyer featuring the infringed special wedding photograph to the Defendants within the Group knowing or having reasonable grounds to know such distribution would induce, enable and/or facilitate further infringement of the Plaintiffs' special wedding photograph.

214.   The Defendants relied on the Leasor(s), Lavender and Old Lace, Events Your Way, the creator and/or the originating source of the non-transformed derivative commercial flyer to clear the photographic rights to reproduce, derivate and distribute the special wedding photograph substantially featured therein.

215.   The Defendants' reliance was unreasonable.

216.   The Defendants repeatedly copied, reproduced and/or post, share, tag and display distributed the derivative commercial flyer featuring the infringed special wedding photograph within the Group.

217.   The Defendants knew that those acts infringed the copyright, or the Defendants acted with reckless disregard for, or willful blindness to, the Plaintiffs' exclusive rights.

218.   The actions of the Defendants' constitute violations of 17 U.S.C. § 1202(b) of the DMCA.

219.   The Defendants' violations were not innocent as defined in 17 U.S.C. § 1203(c)(5)(A).

220.   Defendants' violations of 17 U.S.C. § 1202(b) were willful, intentional, for the purpose of commercial advantage and private financial gain, and in disregard of and with indifference to Plaintiffs' rights.

221.   Defendants' violations have injured and will continue to injure the Plaintiffs. The Plaintiffs are entitled to actual damages plus Defendants' profits attributable to the infringement (pursuant to 17 U.S.C. § 1203(c)(1)(A) and (c)(2)), including an accounting of and a constructive trust with respect to such profits, or alternatively statutory damages (pursuant to 17 U.S.C. § 1203(c)(1)(B) and (c)(3)(B)) punitive damages, attorneys' fees and full costs of the law suit (pursuant to 17 U.S.C. § 1203(b)(4) and (5)) and otherwise according to law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request relief and for judgment against Defendants, and each of them jointly and/or severally as appropriate by law, as follows:

1.      For willful infringement of the Plaintiffs' rights in federally registered copyrights in the special wedding photograph under 17 U.S.C. § 501;

2.      For a permanent injunction enjoining and restraining the Defendants and their respective officers, agents, representatives, servants, employees, administrators, editors, moderators, attorneys, successors licensees, partners, and assigns, and all others in active concert or participation with each or any of them from:

        a.      Directly or indirectly infringing in any manner any of the Plaintiffs' respective copyrights or other exclusive rights including but not limited to copying, reproducing, derivating, posting, sharing, tagging, display, distributing or making any other infringing use or infringing reproduction or distribution of the special wedding photograph owned by and registered to the Plaintiffs (whether now in existence or hereafter created), and

        b.      Causing, contributing to, enabling, facilitating, or participating in the infringement of any of the Plaintiffs' respective copyrights or other exclusive rights in special wedding photograph owned by and registered to the Plaintiff (whether now in existence or hereafter created);

3.      For an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of the Plaintiffs' special wedding photograph, which are in the Defendants' possession or under their custody and/or control.

4.      For enhanced statutory damages in the amount of:

        a.      $150,000 for willful infringement of the Plaintiffs' copyrights in the special wedding photograph under the Copyright Act 17 U.S.C. § 504(c)(2).

b.      $30,000 for infringement of the Plaintiffs' copyrights in the special wedding photograph under the Copyright Act 17 U.S.C. § 504(c)(1).

c.      $25,000 for each 17 U.S.C. § 1202 violation pursuant to 17 U.S.C. § 1203(c)(3).

d.      Or such other amounts that may be proper under 17 U.S.C. §§ 504(c), 1202 and 1203.

5.      For actual damages suffered by the Plaintiffs, in an amount to be proven at trial.

6.      For an accounting of, and the imposition of a constructive trust with respect to, all revenues received by each Defendant as a result of their infringements of the Plaintiffs' copyright.

7.      For Defendants' profits realized as a result of each copyright infringement pursuant to 17 U.S.C. §§ 504(b) and 1203(c)(2) or in the Court's discretion, such sum as the Court finds to be just.

8.      For disgorgement of Defendants' gains and unjust enrichment.

9.      For prejudgment and post-judgment interest according to law.

10.     For punitive damages in an amount to be determined at trial on the basis of Defendants' willful, deliberate and/or reckless copyright infringement.

11.     For the Plaintiffs' attorneys' fees, costs and disbursements in this action (including but not limited to fees and costs of expert witnesses) pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) and (5).

12.     For such other and further equitable relief as justice may warrant under the circumstances and otherwise may be deemed just and proper by this Court.

Dated: May 8, 2017

Respectfully submitted,
By:   /s/Sylva L. Thomas
Sylvia L. Thomas (AZ Bar No. 023845)
THE LAW OFFICE OF SYLVIA L. THOMAS, LLC
P.O. Box 1584
Tempe, Arizona 85280-1584
Tel.: 480.273.9431
Email: sylvia.thomas@sltlaw.net
*Attorneys for Plaintiffs*

## VERIFICATION

STATE OF ARIZONA          )
                         )
COUNTY OF MARICOPA   )

**BEFORE ME**, the undersigned Notary Public on this 27th day of February 2017, personally appeared Yoshi Budiyanto and Rebekah Kay Lynn Hughes, known to me to be credible persons and of lawful age, who being by me first duly sworn, on their oath, depose and say:

1.      We are the Plaintiffs in this federal action. We have read and reviewed the Verified Complaint for copyright infringement.

2.      Regarding the allegations of which we have personal knowledge, we know or believe those to be true.

3.      Regarding the allegations of which we do not have personal knowledge, we believe them to be true based on specified information, documents, or both.

4.      We verify and declare under penalty of perjury that the foregoing statements and the statements in the Verified Complaint are true and correct to the best of our knowledge.

FURTHER, AFFIANTS SAYETH NOT.


_____          _____
YOSHI BUDIYANTO                    REBEKAH KAY LYNN HUGHES

Subscribed and sworn to before me,
this 27th day of February, 2017.

_____
NOTARY SIGNATURE

Eduardo Prevot
NOTARY PRINTED NAME

My commission expires Feb 29th, 2020.

```
Eduardo Prevot
Notary Public
La Paz County, Arizona
My Comm. Expires 2-29-2020
```

VERIFICATION OF YOSHI BUDIYANTO AND REBEKAH KAY LYNN HUGHES - 1