WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yoshi Budiyanto, et al., | No. CV-17-01410-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| My Vintage Venue, LLC, et al., | |
| Defendants. | |
| Couple of Bartenders, LLC, et al., | |
| Crossclaimants, | |
| vs. | |
| Jeanne and John Doe Colquette, et al., | |
| Crossdefendants. | |
| Lavender & Old Lace, LLC, | |
| Crossclaimant, | |
| vs. | |
| Emily and John Doe Hughes, et al., | |
| Crossdefendants. | |

| | |
|---|---|
| Jeanne Colquette dba Events Your Way, | ) |
| Crossclaimant, | ) ) |
| vs. | ) ) |
| My Vintage Venue, LLC, et al., | ) ) |
| Crossdefendants. | ) ) |
| Pixy Cakes, LLC, et al., | ) |
| Crossclaimants, | ) ) |
| vs. | ) ) |
| My Vintage Venue, LLC, et al., | ) ) |
| Crossdefendants. | ) ) |
| Gail and Timothy Archambeau, | ) |
| Crossclaimants, | ) ) |
| vs. | ) ) |
| Lavender and Old Lace, LLC, | ) ) |
| Crossdefendant. | ) ) |

For the reasons that follow, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I.  Background**

Plaintiffs Yoshi Budiyanto and Rebekah Kay Lynn Huges allege that on May 21, 2016, professional photographer Rizalde Sherwood took a "special wedding photograph" of them "standing under the gazebo" at their wedding reception. (Docs. 1 ¶ 25; 1-1.) On August 18, 2016, Plaintiffs, through attorney Sylvia Lynne Thomas, registered a copyright in a "photograph, Wedding Photograph Compilation." (Doc. 1-1 at 12-13.) On May 8, 2017, Plaintiffs, through counsel, filed a complaint against 33 defendants for copyright infringement, contributory copyright infringement, vicarious copyright

2

infringement, and violations of the Digital Millennium Copyright Act ("DMCA"). (Doc. 1.) The complaint alleges that Defendants infringed Plaintiffs' copyright by, among other things, creating a flyer depicting the "special wedding photograph," sharing the flyer, and/or posting the flyer on social media between June and July of 2016.

Following a prolonged series of orders and filings concerning service and answers, in July 2017, Plaintiffs noticed their intent to amend their complaint. (Docs. 110, 113.) The Court ordered that Plaintiffs would have until August 10, 2017 to file their amended complaint, and all Defendants would have 21 days of the filing of the amended complaint to file answers, counterclaims, and crossclaims. In the event Plaintiffs did not file an amended complaint, Defendants were alternatively given until August 17, 2017 to file answers, counterclaims, and crossclaims. (Doc. 116.)

No amended complaint was filed, and on August 17, 2017, Defendants American Family Mutual Life Insurance Company, Pixy Cakes, LLC, and Tina and Stephen Cubbon filed a Motion to Dismiss. (Doc. 150.) On request, the Court extended the deadline for Plaintiffs to file a response in opposition to the motion to September 11, 2017. (Docs. 167, 172.) Plaintiffs however did not file a response. Instead, without consent of the parties or leave of court, on September 11, 2017, Plaintiffs filed an amended complaint. (Doc. 186.) Because it was not timely filed in accordance with Rule 15(a), the amended complaint was stricken. (Doc. 188.)

On October 3, 2017, Defendants filed a "Notice Re: Plaintiffs' Counsel," attaching a September 6, 2017 Final Judgment and Order issued by the Presiding Disciplinary Judge for the Arizona Supreme Court suspending Plaintiffs' counsel from the practice of law effective September 15, 2017. (Doc. 194.)[1] The Court called counsel to show cause in writing as to why she should not be removed as counsel in this case (Doc. 197), to

---

[1] The Order states that the "matter was heard by the Hearing Panel, which rendered its Decision and Order on August 16, 2017. On August 30, 2017, Ms. Thomas filed a notice of appeal pursuant to Rule 59(a), Ariz. R. Sup. Ct., but filed no request for stay. The time for stay [] expired[.]" (Doc. 194-1.) *See also In the Matter of Sylvia L. Thomas, Bar No. 023845*, PDJ 2017-9053 (Sep. 6, 2017), found in its entirety at https://www.azcourts.gov/LinkClick.aspx?fileticket=67M-TSvbnK8%3D&portalid=101 (last accessed on October 30, 2017).

3

which counsel filed a response on October 6, 2017 (Doc. 199).

On October 5, 2017, Defendants filed a Notice of Non-Opposition asking that the Court grant their motion and dismiss the case due to Plaintiffs' failure to timely respond. (Doc. 198.) On October 10, 2017, Plaintiffs filed a Motion for Leave to file a First Amend Complaint (Doc. 202), and a Response to the Notice of Non-Opposition on October 19, 2017 (Doc. 205). Defendants have filed responses opposing Plaintiffs' request for leave to amend. (Docs. 206-210.)

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The district court also has the inherent power to dismiss a case for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that even though the language of Rule 41(b) requires a motion, the district court has *sua sponte* power to dismiss for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with an order of the court); *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## III. Discussion

Having considered the five factors here, the Court concludes that dismissal is warranted. While public policy favors disposition of cases on their merits, this factor is outweighed by Plaintiffs' delayed prosecution of this case and continued noncompliance

4

with the Court's Orders and the governing rules. *See Pagtalunan*, 291 F.3d at 643; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1452 (9th Cir. 1994) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure") (internal quotation omitted). To date, Plaintiffs have yet to file a response to Defendants' motion to dismiss. Rather, Plaintiffs have submitted other numerous filings, none of which present any coherent, non-frivolous explanation for their failure to respond to the motion, for their failure to inform the Court of counsel's suspension, or for permitting counsel to continue representing Plaintiffs in this case in spite of the fact that she is not authorized to practice law. *See* LRCiv 83.1 and 83.2. The filings instead manifest Plaintiffs' continued and increasing inability to comply with the requirements set forth by the rules and the orders of this Court.

In counsel's 46-page response (Doc. 199) to the Court's Order concerning her suspension, which was accompanied by a 186-page attachment (Docs. 199-1, 200), "Thomas challenges the Disciplinary Court suspension, tantamount to revocation of her state bar membership, on the grounds that pursuant to an antitrust conspiracy involving deprivation of her rights, privileges, and immunities secured by the Constitution and laws including discrimination based on her national origin, ethnicity, race, sex, gender, age, civil and social economic status." (Doc. 199 at 12.) She "requests that this Court take no action regarding the Disciplinary Court's suspension and thus permit her to continue in practice, representation and prosecution of the Plaintiffs in this matter before it" (Doc. 199 at 45), because "the 'undertaking [of] any other inquiry' targeted by the District Court to strengthen or 'shore up' the Hearing Panel's unsubstantiated reasoning in favor of a suspension, tantamount to disbarment, beyond that set forth in its Decision and Order, would serve to further a continuing violation of antitrust laws, constitutional guarantees and their international human rights analogues constituting an ongoing systemic unlawful policy and/or practice" (Doc. 199 at 7-8).

In their October 19, 2017 filing, Plaintiffs argue that Plaintiffs were not required to respond to Defendants' motion to dismiss because the proposed amended complaint mooted it. (Doc. 205 at 13-14.) This argument is without merit. Both of Plaintiffs' attempts to file an amended complaint were untimely (*see* Docs. 116, 142), and leave to file an untimely amended complaint would be futile. *Cf. Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (holding that when an amended complaint is timely filed under Fed. R. Civ. P. 15(a), it supersedes the original, and moots a pending motion to dismiss that is targeted at the superseded complaint).

As argued by the Defendants, neither the complaint nor the amended complaint set forth allegations which show that Plaintiffs (rather than their photographer) owned a copyright in the "special wedding photograph" at the time of the alleged infringing conduct, and therefore do not show that Plaintiffs have standing to bring their copyright claims. *See* 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005). Contrary to Plaintiffs' response, it is *not* "indisputable that paragraphs 36-38 of the Budiyantos' Amended Verified Complaint cure the alleged deficiencies concerning (a) the Budiyantos' exclusive copyright ownership of their special wedding photograph at the time of the infringement by Pixy Cakes, (b) standing, and (c) the existence and date of the WMFH arrangement, as alleged within the AmFam Defendants' Motion to Dismiss." (Doc. 205 at 13-14.) Rather, not only does the amended complaint fail to address the defect in standing, Plaintiffs' submissions demonstrate that the defect cannot be cured by the allegation of other facts. Under the express terms of the original January 8, 2016 "Wedding Contract" submitted by Plaintiffs, the photographer owned the copyright to Plaintiffs' wedding photographs. (Doc. 200-5 at 15-16.) While it is true that under certain circumstances, assignment of ownership may confer standing to sue for accrued claims to the assignee, *see DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017), no valid assignment or transfer is alleged to have occurred here. Plaintiffs allege and submit supporting documentation which show that in August 2016, after the alleged infringing events occurred, at the

direction of counsel, Plaintiffs and the photographer signed a backdated version of the January 2016 Wedding Contract (referred to as a "novation"), which was altered to read as a "work made for hire" agreement under which Plaintiffs owned exclusive copyright in the wedding photographs. (*See* Docs. 202-1 ¶¶ 36-38; 199-1; 200-5.) The August 2016 "novation" however does not evince an assignment or transfer of the accrued claims from the photographer to Plaintiffs. *See DRK,* 870 F.3d at 985 n. 5 ("a subsequent legal owner may have standing to pursue accrued causes of action where the causes of action were transferred along with full ownership of the copyright"). Further, as the "novation" was not signed on the date purported, and makes no reference to the original agreement that was actually signed on that date, the backdated agreement itself could serve as grounds for dismissal of this action. *See Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) ("courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"); *see also Western Coach Corp. v. Roscoe*, 650 P.2d 449, 454 (Ariz. 1982) (a valid novation is the formation of a new contract that extinguishes a previously valid obligation).

Lastly, because the additional allegations in the proposed amended complaint are factually frivolous and do not give rise to a plausible claim for relief, they also do not serve as a basis to excuse Plaintiffs' continued failure to respond to Defendants' motion. In the proposed amended complaint, Plaintiffs name seven additional defendants - Defendants' insurers and counsel. They also bring two additional claims for violations of the Clayton Antitrust Act, 15 U.S.C. § 15 (Count Seven) and Intentional Infliction of Emotional Distress (Count Eight), alleging that Defendants, the State Bar of Arizona, and Arizona State University participated in a conspiracy to have Plaintiffs' counsel suspended from the practice of law "in order to exclude her from participating as an active competitor within a niche interdisciplinary law, business franchisor, communication and academic market within and between the territory of México, the

United States and this District, and thus erode competition in general." (Doc. 202-1 ¶ 267.) Plaintiffs claim this alleged conspiracy caused them to "suffer antitrust injuries," and caused counsel "emotional distress so severe that it could be expected to adversely affect the Budiyantos' mental health." (Doc. 202-1 ¶¶ 268, 281.) The Court finds that these claims are frivolous on their face. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous'… embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

Plaintiffs' repeated improper, unsubstantiated filings consume judicial resources and impede the timely administration of litigation. Plaintiffs' continued failure to respond to Defendants' motion impairs the progression of this case to being resolved on its merits. *See Yourish*, 191 F.3d at 990; *see also In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."). This case remains at an indefinite impasse, and Plaintiffs' ongoing noncompliance demonstrates that dismissal is warranted; undertaking any lesser measure would be unavailing. The Court has no reason to believe that alternative counsel or further amendment would bring about a different result and set this action on course to be adjudicated on its merits. This conclusion is validated by Plaintiffs' affidavit in which they attest that they concur with counsel's prosecution of their case, and believe in the alleged conspiracy against counsel. (*See* Docs. 205 at 8; 199-1.)

Therefore, the relevant factors compel that dismissal pursuant to Rule 41(b) is appropriate. *See Yourish*, 191 F.3d at 992. Although the Court is reluctant to impose the ultimate sanction of dismissal with prejudice where the fault appears to lie more with the attorney than the litigants, the circumstances here demand that dismissal with prejudice is

appropriate. *See Schmidt v. Herrmann*, 614 F.2d 1221, 1223–24 (9th Cir. 1980). Accordingly,

**IT IS ORDERED:**

1. That Plaintiffs' Complaint (Doc. 1) is **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(b);

2. That all pending motions are **denied as moot;**

3. That this action is **dismissed** in its entirety;[2] and

4. That the Clerk of Court shall enter a judgment accordingly and terminate this action.

Dated this 31st day of October, 2017.

Honorable Steven P. Logan
United States District Judge

---

[2] The Court lacks diversity jurisdiction over the parties' crossclaims (Docs. 46, 47, 131, 148, 151, 152), and declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).